HIGHLAND PARK ASSOCIATION *v.* BOSEKER.

1. ASSOCIATIONS—LEASE—CONCESSIONS—SUMMER RESORTS.

A summer resort association organized under 2 Comp. Laws, § 7618 *et seq.*, the by-laws of which provide for leasing property to members of the association and that members should be governed by by-laws thereafter enacted, had authority under the statute and its by-laws to lease lots, a dwelling, store, bathhouse, and dancing pavilion, and subsequently to change the rental, by resolution, as to an assignee of the lease who assented to the rental and agreed to sign written contracts but occupied the concessions for a year without executing them.

2. SAME—BY-LAWS.

The power to make reasonable by-laws for the management, control, and disposition of property, affairs, and concerns of the association is conferred by the statute, and authorizes the granting of concessions and privileges upon its grounds.

3. SAME—RETROACTIVE RULES.
   Parties in such mutual organizations may agree to be bound by subsequently enacted by-laws.

4. SAME—REASONABLENESS.
   The question of the reasonableness of the regulation as to rentals was for the jury.

Error to Ottawa; Padgham, J. Submitted January 10, 1912. (Docket No. 31.) Decided March 12, 1912.

Assumpsit by the Highland Park Association against August Boseker for the use and occupation of premises. Judgment for plaintiff. Defendant brings error. Affirmed.

*George A. Farr,* for appellant.

*Smedley, Linsey & Lillie,* for appellee.

STONE, J. The plaintiff is a "summer resort association," organized under the provisions of chapter 207, 2 Comp. Laws, and amendments. The defendant is a member of the plaintiff association. This action was brought to recover the sum of $125, the price or value placed by the association upon certain concessions and privileges granted to the defendant, as will more fully appear hereafter. The case was tried before the circuit judge without a jury, and the following findings of facts and conclusions of. law were made and filed before the judgment for the plaintiff was entered:

" Facts.

"(1) Plaintiff is a corporation organized and doing business under chapter 189 of Howell's Statutes of Michigan and the acts amendatory thereto, being chapter 207 of C. L. 1897, and acts amendatory. The said corporation is located in the city of Grand Haven, Ottawa county.

"(2) The said association, plaintiff, on, to wit, October, 1895, leased lot No. ———, to one John Walker for a period of 30 years. The said Walker afterwards, to wit, March 17, 1902, assigned said lease to defendant, August Boseker, who is still owner of said lease.

"(3) The said plaintiff association, afterwards, to wit, May 1, 1909, leased to said August Boseker two other lots, to wit, lots 211 and 219, for a period of 30 years. Said Boseker still holds and owns said lease.

"(4) On the said lot first leased to said Walker is a building used for dwelling, store, and bathhouse, and on said lots 211 and 219 is a dancing pavilion, and other buildings used and connected therewith.

" (5) The said lessee pays as rental for each of said lots a yearly rental of $10. In each of the said leases above mentioned, among other things, is the following clause, to wit: ' It is expressly agreed that the holder of the said above described premises is subject to the rules and regulations which shall from time to time be made by the Highland Park Association for the government of the same.' The said Boseker is a member of the said association.

" (6) On, to wit, the 3d day of December, 1909, at a meeting of the board of trustees of said Highland Park Association, the following rule or regulation was adopted by the said board of trustees, viz. : The value of the concessions and privileges now used by August Boseker was discussed, and the secretary was instructed to write him a letter and give him the following schedule of prices that he will have to pay for the privileges in the year 1910, viz. : Dancing pavilion, $50; popcorn and peanut stand, $25; candy, cigars, and ice cream, $25; rent of bathing suits and boats, $25—total, $125.

"(7) The defendant, Boseker, was duly notified of the said charges which had been so fixed by the said board of trustees, and also notified that if he used such privileges and concessions in the year 1910 he would have to pay therefor the amounts so fixed by the said board of trustees, and contracts were drawn between the parties to that effect to be signed. By-law 8. The said Boseker read the said contracts and promised to sign them, but never did, although said Boseker used all of said concessions during the year 1910, and at the close of the resort season of that year, the said sum of $125 was demanded of said Boseker by the treasurer of the said plaintiff, and said Boseker then refused to pay the same or any part thereof, and this suit was brought by order of the board of trustees.

"(8) Section 12 of chapter 207, Laws of 1897, reads in part as follows: (7629) Sec. 12. ' The stockholders shall have power to make such reasonable by-laws, not incon-

sistent with the laws of this State or of the United States as they shall deem proper for the management, control and disposition of the property, affairs and concerns of said corporation, etc.'

"(9) By-law No. 20, of said Highland Park Association, reads as follows—which said by-law was read in evidence on the trial (twentieth): 'The board of trustees are given charge of all of the business and property of the association, its police and sanitary regulations, and is fully authorized to act for the association as if the association passed a vote authorizing such action and is in this regard unrestrained, except by the by-laws or some direct vote of the association therefor.'

"(10) By-law No. 22 of said association reads as follows (twenty-second): 'The board of trustees shall not have power to make any special concessions such as the selling of popcorn, ice cream, etc., conducting a dancing pavilion, hotel or any other concessions usual at summer resorts for a period of more than five years.'

"(11) The concessions above enumerated were granted by the said board of trustees to the said Boseker for a term of not exceeding five years.

"(12) The money charged, and received for concessions such as the concessions used by Boseker, is to be used and put into the general improvement fund for building walks, keeping the grounds in a sanitary condition, etc. I find that the charge of $125 for said concessions was not unreasonable in amount.

## "The Law.

"From the foregoing facts I am of the opinion that the plaintiff is entitled to recover a judgment against the defendant for the sum of $125, and the costs to be taxed. It is therefore ordered by the court that the plaintiff do recover of the defendant the said amount of $125, and costs to be taxed. Let judgment be entered accordingly."

By-law No. 8 of said association is as follows:

"Any member of the said association may lease a lot of the association at its appraised value as hereafter fixed by the board, and no member shall hold more than one lot except by special permit of the board of trustees, and each member leasing a lot shall enter into a lease signed by the president and secretary and by the party leasing the same, to be executed in duplicate, and the lease shall be subject

to the payments of the rents and other covenants, restrictions and forfeitures mentioned in said lease, and to such regulations, restrictions and additional rents or assessments as may be imposed by the articles of association and by-laws, and such further regulations and restrictions as may be prescribed by the board of trustees."

The defendant has brought error, and his only assignment of error is that the circuit judge erred in his conclusion of law, and that the facts found do not support said conclusion of law. Counsel for appellant says in his brief:

"But one question appears for decision in this case; that is whether, under the proofs, the defendant was entitled to a judgment. The claim of the defendant is that the proofs show no legal liability on his part. * * * It is claimed by the defendant that the plaintiff had no authority or legal right whatever to demand of the defendant the sum of $125 for so-called concession, under the facts above stated."

We think that the plaintiff may well stand upon the contractual relations existing between the parties to the suit. A reference to the terms of the lease, the by-laws, and the general statute above set forth, and referred to, will in our opinion fully justify the plaintiff in its claim here asserted. The trial court distinctly found that the charge of $125 for said concession was not unreasonable in amount. There was evidence to support its finding.

The right to grant the privilege or concession is fully sustained by the following authorities: *Barney* v. *Steamboat Co.*, 67 N. Y. 301 (23 Am. Rep. 115); *Godbout* v. *Union Depot Co.*, 79 Minn. 188 (81 N. W. 835, 47 L. R. A. 532); *Dingman* v. *Railway Co.*, 164 Mich. 328 (130 N. W. 24, 32 L. R. A. [N. S.] 1181).

We think that the power to make reasonable by-laws "for the management, control, and disposition of the property, affairs, and concerns of said corporation" is given by the very terms of the statute. Such associations have a right to sell concessions and privileges to do certain acts upon their grounds, as incident to the ownership

thereof.  We are of the opinion that *Northport, etc., Campmeeting Ass'n* v. *Perkins,* 93 Me. 235 (44 Atl. 893, 48 L. R. A. 272, 74 Am. St. Rep. 342), relied upon by defendant, can be readily distinguished from the instant case.  There the defendant was not a member of the association, and there were no contractual relations existing between the parties.  There the plaintiff did not attempt to regulate the business upon its property, and within its jurisdiction, but it attempted to regulate the use of the public streets.  The streets being open to public use, the plaintiff had no power to prevent their use by the cottagers, or by the defendant.

In a case like the one we are considering, the validity of by-laws and regulations relating to the management of the property, affairs, and business of the association, depends upon the fact of their being reasonable, and their reasonableness depends upon particular circumstances or matters *in pais,* and is therefore a question for the jury. 10 Cyc. p. 350, and cases there cited.

We have held that parties to a mutual organization expressly agreeing to be bound by after-enacted by-laws are bound thereby.  *Borgards* v. *Insurance Co.,* 79 Mich. 440 (44 N. W. 856); *Wineland* v. *Maccabees of the World,* 148 Mich. 608 (112 N. W. 696); *Brown* v. *Great Camp K. O. T. M. M.,* 167 Mich. 123 (132 N. W. 562).  In his lease the defendant expressly agreed to be bound by the rules and regulations which should, from time to time, be made by the plaintiff for the government of the property leased.  We think that the conduct and action of the plaintiff in the particulars here involved were well within its lawful authority.

We find no error in the record, and the judgment of the circuit court is affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, BLAIR, and OSTRANDER, JJ., concurred.  BIRD, J., did not sit.