PEOPLE v THOMPSON

Docket No. 110456. Submitted January 15, 1992, at Detroit. Decided February 4, 1992, at 9:00 A.M.

Ernice L. Thompson was convicted by a jury in the Detroit Recorder's Court, Prentis Edwards, J., of perjury as a result of making a false certification on an application for a driver's license. He appealed.

The Court of Appeals *held:*

1. The defendant's claim that he could not be convicted of perjury because he did not take an oath is without merit. MCL 257.903; MSA 9.2603, as amended by 1980 PA 398, provides that a person who makes a false certification to a matter or thing required by the terms of the Michigan Vehicle Code to be certified, as required of statements on an application for a driver's license, is guilty of perjury. The Legislature, in enacting 1980 PA 398, intended to eliminate the previous requirement of an oath, require certification in place of an oath, and make false certification punishable as perjury.

2. Because a court-appointed attorney was available to assist the defendant throughout the trial but the defendant chose to represent himself, he may not claim that the trial court erred in allowing him to represent himself or that he had not waived the right to counsel knowingly and intelligently.

3. The trial court did not abuse its discretion in imposing limits on the defendant's cross-examination of witnesses. The limitations concerned matters that the trial court had determined to be irrelevant.

4. The defendant may not claim on appeal that the addition of witnesses on the day of trial resulted in unfair surprise in the absence of an objection on that ground at trial.

Affirmed.

PERJURY — DRIVER'S LICENSE APPLICATIONS — VEHICLE CODE.

An applicant for a driver's license certifies the truth and correctness of statements in the written application to the Secretary

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 99; Perjury § 8.
See the Index to Annotations under Driver's Licenses; Perjury.

of State by signing the application; the applicant may be convicted of perjury if the application contains false and incorrect statements (MCL 257.903, 750.423; MSA 9.2603, 28.665).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

*Mark H. Magidson,* for the defendant on appeal.

Before: HOOD, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of perjury for making a false certification in an attempt to obtain a driver's license, MCL 257.903; MSA 9.2603, MCL 750.423; MSA 28.665, and was sentenced to two years' probation. Defendant appeals as of right, and we affirm.

We will address defendant's issues in an order other than presented to us on appeal. Defendant argues that an oath is required to support his perjury conviction. We disagree.

Defendant filled out and signed a declaration sheet provided by the Secretary of State and presented it to an employee of the Secretary of State in an attempt to obtain a driver's license. Above the signature line was the following language:

I certify, under the penalty of perjury, that the statements made in this application are true and correct and that my license is not being held by a court as a condition of my recognizance.

Defendant was charged with making a false certification on the driver's license application

under MCL 257.903; MSA 9.2603, as amended by 1980 PA 398, effective March 31, 1981, which provides as follows:

> A person who makes a false certification to a matter or thing required by the terms of this act to be certified, is guilty of perjury.

Before its amendment, § 903 had provided in pertinent part:

> Any person who shall make any false affidavit, or shall knowingly swear or affirm falsely to any matter or thing required by the terms of this act to be sworn to or affirmed shall be guilty of perjury. . . .

An analysis of SB 1208, which became 1980 PA 398, reveals that the Legislature intended to eliminate the oath requirement and require instead certification by the applicant as a means of providing sufficient legal protection against false applications:

> The certification requirement would provide sufficient protection against falsification since an applicant who knowingly certified a false application would be guilty of perjury. [Senate Legislative Analysis, SB 1208, September 3, 1980.]

Defendant relies on *People v Ramos*, 430 Mich 544; 424 NW2d 509 (1988), for his assertion that the signing of an application does not constitute the making of an oath. *Ramos* is distinguishable, however, because the statute Ramos was charged with violating provided only that the application shall be "under penalties of perjury." The Court specifically stated that because the Legislature did not specify that a person who falsely signs an

application under penalty of perjury "is guilty of perjury," it did not substitute such signature for the form of oath required by MCL 600.1432; MSA 27A.1432. Indeed, the Court noted that the signing of a form "under the penalties of perjury" could be equivalent to an oath where so deemed by the Legislature. The Legislature in amending § 903 could not have been clearer in revealing its intent that the mere false certification of the driver's license application constitutes perjury and that an oath is not required. Consequently, defendant's signature on the application he knew to be false is sufficient to constitute perjury.

In light of our conclusion that an oath was not required for defendant's perjury conviction, his arguments regarding the jury instruction concerning the elements of the crime and the sufficiency of the evidence are without merit. Both arguments were premised on the assumption that an oath is an element of the crime of perjury as provided in MCL 257.903; MSA 9.2603.

Next, defendant argues that the trial court erred in allowing him to represent himself at trial because he did not make a knowing and intelligent waiver of the right to counsel. Because defendant has failed to provide this Court with a transcript of all pretrial proceedings, we have no record to review this claimed error and thus consider it abandoned on appeal. *People v Kelly,* 122 Mich App 427, 430; 333 NW2d 68 (1983). Nonetheless, the record reveals that a court-appointed attorney was available to assist defendant throughout trial and that the attorney argued a motion for a directed verdict. Where appointed counsel is present and available to assist the defendant, there is no error if the defendant represents himself by conducting his own defense. *People v Flores,* 176 Mich App 610, 613; 440 NW2d 47 (1989).

Next, defendant contends that although the trial court had discretion to impose time limitations on the examination of witnesses, it imposed unilateral rules on him. Defendant's allegation is without record support. The time limitations were placed on both the prosecution and the defense, and the court indicated that the time limits would be extended where necessary. Defendant's assertion that the court told him that he "must stop or conclude his cross-examination because the time period has lapsed" is likewise without merit. Defendant's cross-examination was limited only with respect to repetitive questions on topics that the trial court had previously ruled irrelevant.

Defendant further argues that the prosecution's addition of witnesses to the witness list on the day of trial amounted to unfair surprise. Defendant did not object at trial on this ground, but rather objected to the relevancy of the witnesses' testimony. Objections raised on one ground are insufficient to preserve an appellate attack based on different grounds. *People v Michael,* 181 Mich App 236, 238; 448 NW2d 786 (1989).

Affirmed.