PEOPLE v CONSIDINE

Docket No. 130768. Submitted April 21, 1992, at Lansing. Decided July 30, 1992; approved for publication September 30, 1992, at 9:00 A.M.

David B. Considine was charged in the 52-4 District Court, Bristol E. Hunter, J., with operating a vehicle while under the influence of intoxicating liquor and having a blood alcohol level of 0.10 percent or more. Following a jury trial, he was convicted of operating a vehicle while having an unlawful blood alcohol level. He then was tried on a supplemental information and was found to be a second offender under the sentence enhancement provisions of the statute prohibiting operation of a vehicle while under the influence of intoxicating liquor or while having an unlawful blood alcohol level. Following denial of the defendant's motion for a new trial, he appealed to the Oakland Circuit Court. The court, Barry L. Howard, J., affirmed the conviction of operating a vehicle while having an unlawful blood alcohol level, but remanded for a new trial on the supplemental information. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. The defendant's objection to the admission of Breathalyzer test results on the ground that there was no evidence presented that the the ampules used in administering the Breathalyzer tests had been certified by the state police was not timely and, therefore, need not be reviewed.

2. The defendant's contention that his conviction of operating a vehicle while having an unlawful blood alcohol level was against the great weight of the evidence was waived on appeal because he failed to provide to the Court of Appeals a transcript of the hearing regarding his motion for a new trial.

3. Any error resulting from the trial court's failure to instruct the jury with regard to attempted operating a vehicle while under the influence of intoxicating liquor, as requested by the defendant, was harmless because such an instruction would have had no effect on the verdict. The jury rejected the lesser offense of impaired driving and the greater charged offense of operating a vehicle while under the influence of intoxicating liquor, thereby rejecting both charges that in-

volved the quality of the defendant's driving, and convicted the defendant of the greater charged offense of operating a vehicle while having an unlawful blood alcohol level.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas R. Grden,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for the defendant.

Before: McDONALD, P.J., and WAHLS and TAYLOR, JJ.

PER CURIAM. Defendant was originally charged with operating a vehicle while under the influence of intoxicating liquor (OUIL) or having a blood alcohol level of 0.10 percent or more (UBAL), MCL 257.625(1) and (2); MSA 9.2325(1) and (2). Following a jury trial in the district court, he was convicted of UBAL. Defendant was subsequently tried by the court on a supplemental information and found to be a second offender under the enhancement provisions of the OUIL and UBAL statute, MCL 257.625(5); MSA 9.2325(5). He unsuccessfully moved in the trial court for a new trial. On appeal, the circuit court affirmed defendant's UBAL conviction but remanded for a new trial on the supplemental information. Defendant appeals the circuit court's order by leave granted, raising three issues. We affirm.

Defendant first contends that there was no evidence presented showing that the ampules used in administering the Breathalyzer tests had been certified by the state police and that the test results therefore were improperly admitted. However, defense counsel did not object at trial to the

admission of the Breathalyzer test results on this ground until after the evidence had been admitted and the prosecution had rested its case. To preserve an evidentiary issue for appellate review, a party must object timely at trial and specify the same ground for objection as is asserted on appeal. *People v Furman,* 158 Mich App 302, 329-330; 404 NW2d 246 (1987); *People v Thompson,* 193 Mich App 58; 483 NW2d 428 (1992). In this case, counsel's vague objection[1] to the admission of the Breathalyzer test evidence precluded the correction of any error through further questioning of the Breathalyzer operator. We therefore decline to review this issue.

Secondly, defendant contends that his UBAL conviction was against the great weight of the evidence. However, defendant has failed to provide this Court with a transcript of the hearing on his motion for a new trial. Therefore, this issue is also waived on appeal. *People v Dukes,* 189 Mich App 262, 264; 471 NW2d 651 (1991).

Finally, defendant contends that the trial court erred in denying his request to instruct the jury regarding attempted OUIL. The jury rejected the lesser offense of impaired driving and the greater charged offense of OUIL, thereby rejecting both charges that involved the quality of defendant's driving, and convicted defendant of the greater charged offense of UBAL. Therefore, we find that any error in the failure to instruct the jury with regard to attempted OUIL was harmless because it

---

[1] After direct examination of the Breathalyzer operator by the prosecutor, defense counsel objected to the admission of the exhibits containing the test results "for the reason that the prosecutor has not established compliance with the Michigan Department of Health administrative rules, for the operation of the Breathalyzer." However, defense counsel declined to voir dire the witness in that regard, and did not himself question the witness on cross-examination concerning whether the ampules had been certified.

could have had no effect on the verdict. *People v Bigge,* 297 Mich 58, 72; 297 NW 70 (1941); *People v Thinel (On Remand),* 164 Mich App 717, 721; 417 NW2d 585 (1987).

Defendant's conviction is affirmed.