*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHANNEL VIEW EAST CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff-Appellee,

v

GREGORY V. FERGUSON,

      Defendant-Appellant.

UNPUBLISHED
February 16, 2023

No. 360136
Chippewa Circuit Court
LC No. 16-014487-CK

Before: GLEICHER, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant appeals by right the trial court's judgment in favor of plaintiff. The $135,000 judgment amount derived from the trial court's determination that the fines assessed against defendant by plaintiff were reasonable. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This is the third time this case has come before this Court. Much of the pertinent factual background is available in this Court's prior opinions. See *Channel View East Condo Ass'n, Inc v Ferguson*, unpublished per curiam opinion of the Court of Appeals, issued July 2, 2019 (Docket No. 344149) *(Channel View I)*; *Channel View East Condo Ass'n, Inc v Ferguson*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2021 (Docket No. 351888) *(Channel View II)*. In brief, defendant and his father owned property in plaintiff's condominium development, and plaintiff's bylaws required them to complete construction within 12 months from the time construction began. Defendant and his father purchased the property in 2001 and began constructing a home on the lot no later than 2003. In 2005, plaintiff informed defendant that the failure to complete construction was in violation of the bylaws. Later in 2005, following meetings that defendant did not attend (despite being notified of them), plaintiff's board of directors decided to fine defendant for each month the home's construction remained unfinished, in an escalating schedule that increased from $100 a month for three months (i.e., from November 2005 to January 2006), to $500 a month for the next three months, (i.e., from February 2006 to April 2006), to $1,000 a month thereafter (i.e., from and after May 2006).

In 2016, plaintiff filed suit to foreclose on defendant's property to satisfy the unpaid fines. The trial court initially ruled that plaintiff lacked the legal capacity to sue because it had not elected a valid board of directors. This determination was reversed on appeal. *Channel View I*, unpub op at 3. On remand, the trial court granted plaintiff's motion for summary disposition, holding that it was entitled to recover a total of $135,000 in unpaid fines from defendant.[1] On the second appeal in this case, this Court rejected defendant's argument that plaintiff had no authority to levy fines and stated that "defendant was provided with notice and a hearing—which was rescheduled at his request and for which he did not appear—and informed of the escalating fine schedule." *Channel View II*, unpub op at 5-6. However, this Court agreed that a question of fact existed regarding the reasonableness of the fines that plaintiff had imposed, and that the answer to that question "turn[ed] on the circumstances of defendant's violation." *Id*. This Court "remand[ed] for the court to determine the reasonableness of the fines as a question of fact after holding an evidentiary hearing." *Id*. at 7.

On the second remand, the trial court held an evidentiary hearing regarding the reasonableness of the fines imposed. Plaintiff's president, Larry Harmon (Harmon), and treasurer testified that the increasing fine schedule had been implemented to give defendant a chance to comply with the bylaws and to encourage defendant to complete the construction. Plaintiff did not enforce the fines between 2005 and 2015, although plaintiff did file a lien on defendant's property of approximately $53,000 in 2010, based on the unpaid fines. Harmon testified that the reason plaintiff did not enforce the fines was that defendant's father had been making progress on the construction within his financial ability.

In 2015, defendant's father died. According to Harmon, defendant informed him that he would not work on the home and that there was nothing that plaintiff could do, at which point Harmon believed that he did not have any other option but to enforce the fines. In August 2017, plaintiff filed an amended lien of $137,800 on defendant's property.

Harmon, a former realtor, testified that the uncompleted home had affected property values in the development, leading him to begin an action to enforce the fines. When defendant objected to the testimony based on lack of foundation, Harmon testified that he had formed his opinion on the basis of his interactions with 40 to 50 prospective buyers.

The trial court did not allow defendant to present evidence about his failure to attend the 2005 meetings, or to introduce photographs and video of the development taken in 2021. Ultimately, the trial court determined that the fine of $1,000 a month was reasonable and entered judgment in favor of plaintiff in the amount of $135,000. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion preserved challenges to a trial court's evidentiary rulings. *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). A trial court

---

[1] According to this Court's recitation in *Channel View II*, the trial court determined that "plaintiff was entitled to foreclosure and to recover unpaid fines of $1,000 a month from October 24, 2006 to January 11, 2018, for a total amount of $135,000." *Channel View II*, unpub op at 2.

abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). This Court reviews de novo preliminary questions of law surrounding the admission of evidence, such as whether a rule of evidence bars admission. *Mich Dep't of Transp v Haggerty Corridor Partners Ltd Partnership*, 473 Mich 124, 134; 700 NW2d 380 (2005).

To preserve an evidentiary issue, a party must make a timely and specific objection on the same grounds that are asserted on appeal. *People v Considine*, 196 Mich App 160, 162; 492 NW2d 465 (1992). This Court reviews unpreserved issues for plain error affecting a party's substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008). An error is plain if it is clear or obvious, and it affects substantial rights if it affected the outcome of the lower court proceedings. *Id*. at 328-329.

This Court reviews for clear error a trial court's findings of fact. MCR 2.613(C); *Trader v Comerica Bank*, 293 Mich App 210, 215; 809 NW2d 429 (2011), lv den 491 Mich 897 (2012). A finding is clearly erroneous if, after reviewing the entire record, this Court is definitely and firmly convinced that the trial court made a mistake. *Augustine v Allstate Ins Co*, 292 Mich App 408, 424; 807 NW2d 77 (2011). This Court reviews de novo the trial court's conclusions of law. *Trader*, 293 Mich App at 215.

## III. EVIDENTIARY ERRORS

Defendant asserts that the trial court committed several evidentiary errors. We find no errors requiring reversal.

Defendant argues that the trial court erroneously excluded photographic and video evidence related to the state of the condominium development. We reject this argument because defendant has not addressed the basis of the trial court's decision.

"It is settled that error requiring reversal may only be predicated on the trial court's actions . . . ." See *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003) (contrasting trial court error with error created by a party). This Court need not consider an argument that does not address the basis of the trial court's decision. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004). In this case, the trial court excluded the photographic and video evidence because it had been created after 2018 and did not establish the state of the property at the time the fines were imposed. The court also repeatedly rejected defendant's attempts to testify that the home was substantially complete, on the basis that this Court had already held that the home was not, in fact, substantially complete. The court's ruling was consistent with this Court's previous opinion. See *Channel View II*, unpub op at 4-5. Defendant's argument does not address the basis of either ruling; specifically, defendant does not explain why it was error for the trial court to reject the proposed admission into evidence of photographs and videos that depicted the home *after* the relevant time periods at issue in the case, or why it was error for the trial court to refuse to relitigate the issue of the home's completeness. We accordingly reject defendant's arguments on this point.

Defendant also argues that the trial court erred by considering documentary evidence that was attached to plaintiff's motion for summary disposition but not admitted at the evidentiary

hearing. We find no error requiring reversal. Regarding Harmon's affidavit and the minutes of a 2019 board meeting, to the extent the trial court erred by considering it, any error was harmless. And while defendant argues that the trial court erred by relying on photographs attached to plaintiff's motion, the trial court's opinion makes no mention of photographs.

Generally, the rules of evidence, including the rules governing admissibility, apply at an evidentiary hearing. See MRE 101; 1101(a). However, the erroneous admission of evidence is harmless error when it is cumulative to properly admitted evidence. *People v Hill*, 257 Mich App 126, 140; 667 NW2d 78 (2003). Additionally, an error is harmless if it was not decisive to the outcome of the case. *Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017). This Court will not modify a decision of the trial court on the basis of a harmless error. MCR 2.613(A). In this case, Harmon's affidavit was not admitted into evidence at the hearing, and therefore the trial court erred by considering it. However, the only portions of Harmon's affidavit that were not cumulative to his testimony were his statements that defendant's property could be easily seen from the road and his statements about how the litigation was financed. We conclude that any consideration by the trial court of these two statements was not decisive to the outcome of the case; the trial court's opinion primarily relied on the deterrent purpose of the fines, the continued nature of the violation, and defendant's failure to offer any evidence regarding what would constitute a reasonable fine. *Ellison*, 320 Mich App at 179.

The trial court also considered evidence of minutes from a 2019 board meeting in which plaintiff's directors voted to continue the fine schedule for new violations. But, while the minutes were attached as documentary evidence but not admitted at the hearing, Harmon also testified about the matter. Any error was harmless in light of the cumulative nature of this evidence. *Hill*, 257 Mich App at 140.[2]

Defendant also argues that that the trial court erred by considering photographs of the property that were taken in 2018. Again, defendant must establish that the trial court erred. *Lewis*, 258 Mich App at 210. There is no reference to the challenged photographs in the trial court's order. Defendant has not established that the trial court in fact improperly considered these photographs.

Defendant also argues that Harmon's testimony about property values was speculative and that the court should not have relied on it. Defendant did not preserve this argument by objecting on the same ground below. When Harmon testified about the effect of the uncompleted home on property values, defendant objected on the basis that the testimony lacked a foundation; he did not challenge Harmon's qualifications to offer the testimony. Defendant has not established that the court plainly erred by considering Harmon's property-value testimony when he testified that he was a builder, property manager, and realtor who had spoken with 40 to 50 prospective purchasers, and plaintiff never challenged his qualifications. *Rivette*, 278 Mich App at 328.

---

[2] Defendant also argues that evidence of the 2019 fine schedule was not relevant. The record shows that the trial court considered the 2019 fine schedule to the extent it reflected that the fine schedule had remained unchanged since 2005. For that factual purpose, the evidence was relevant and properly admitted. MRE 401.

## IV. REASONABLENESS

Defendant also argues that the trial court erred by determining that the fines imposed by plaintiff were reasonable. We disagree.

MCL 559.206(c) provides that condominium documents may provide "reasonable remedies," such as "the levying of fines against co-owners after notice and hearing . . . ." The question of reasonableness depends on the facts and circumstances of each particular case. *Rasheed v Chrysler Corp*, 445 Mich 109, 129; 517 NW2d 19 (1994). In particular, the reasonableness of an association's bylaws and regulations also depends on the facts and circumstances of the particular case. *Highland Park Ass'n v Boseker*, 169 Mich 4, 9; 135 NW 106 (1912).

Defendant argued before the trial court and argues before this Court that the trial court should have considered several factors in making its reasonableness determination, including the character of the neighborhood, the extent of noncompliance, the harm of noncompliance on others, whether the rest of the condominium project was developed, when the fine schedule was adopted, the amount of fine in relation to the value of the property, and the lack of uniform enforcement of the fine schedule. Relatedly, defendant also argues that the trial court's reasonableness analysis was "circular" and failed to consider the facts and circumstances relevant to the condominium or the amount of fines at issue in the case. We disagree; the trial court's reasoning was not circular, and the trial court sufficiently considered the facts and circumstances to support its ultimate findings of fact.

The trial court was not required to discuss on the record every factor identified by defendant, as long as it considered the facts and circumstances of the case. *Id*. Further, we note that the trial court relied on 1 Restatement of Property, 3d, Servitudes, § 6.13 as persuasive authority for the importance of fines as deterrence and as a less drastic alternative to legal proceedings. This Court has cited this specific treatise for its persuasive effect. See *Mulcahy v Verhines*, 276 Mich App 693, 699-700; 742 NW2d 393 (2007). We conclude that the trial court did not err by using the Restatement as a guide when considering whether the fine was reasonable, or by failing to make a statement on the record regarding every factor defendant believes should have been considered.

Defendant also argues that his knowledge of the fine schedule did not, in and of itself, render the schedule reasonable. Again, a party must address the basis of the lower court's decision. *Derderian*, 263 Mich App at 381. The record shows that trial court did not rely solely on defendant's knowledge of the fine schedule in finding the fine to be reasonable. Rather, the court's statement that defendant was placed on notice and failed to attend a meeting regarding the fine schedule appears to be part of the trial court's recitation of the factual background of the case. Further, the trial court noted that the fine schedule had remained the same since 2005. The existence of the fine schedule, or defendant's knowledge of it, was not the sole basis of the trial court's decision.

Defendant also argues that the trial court's finding that the fine was a reasonable measure to encourage compliance with the bylaws did not make sense in light of plaintiff's inconsistent enforcement. In this case, the trial court noted Harmon's testimony that he did not enforce the

fines when defendant's father resided on the property because the father continued to work on the home, whereas defendant stated that he would not work on the home. This Court generally will not interfere with the fact-finder's determination of the weight of the evidence or the credibility of the witnesses. *Allard v State Farm Ins Co*, 271 Mich App 394, 408; 722 NW2d 268 (2006). See MCR 2.613(C). We decline to overturn the trial court's determination on this basis; to the extent plaintiff's enforcement was inconsistent, that inconsistency was explained at the evidentiary hearing and the trial court found the explanation credible.

Defendant also argues that plaintiff's fines were arbitrary because they were not tied to an analysis of defendant's property value or determined after deliberations of the board of directors. However, Harmon testified that there were indeed deliberations regarding the fine schedule, namely, whether to start the schedule at $1,000 a month for violations or to adopt an escalating fine schedule. Plaintiff ultimately adopted the escalating schedule. Harmon also testified that the uncompleted home was having a negative effect on the surrounding property values. Further, no party—including defendant—offered evidence regarding the property's actual value. We therefore find no error in the trial court's failure to consider the property's value when neither party presented evidence on that issue.

Finally, defendant argues that the trial court erred by not considering evidence regarding the nature and character of the condominium development itself. Although defendant attempted to admit evidence of the state of the development at the time of trial, he did not submit any evidence regarding the nature and character of the development at the time of the violations. The trial court did not err by failing to consider an issue about which no party presented evidence upon which to base such a consideration.

Ultimately, we are not definitely and firmly convinced that the trial court made a mistake in determining that the fines imposed on defendant were reasonable. *Trader*, 293 Mich App at 215. We also find no errors of law requiring reversal. *Id.* In light of these conclusions, we need not consider defendant's argument that reassignment to a different judge is necessary on remand.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron