PEOPLE v WATTS

Docket No. 120194. Submitted September 13, 1990, at Grand Rapids. Decided January 8, 1991, at 9:15 A.M. Leave to appeal sought.

Robert P. Watts pled guilty of malicious destruction of police property, Kalamazoo Circuit Court, Richard Ryan Lamb, J., and was sentenced to two to four years' imprisonment to be served consecutively to the sentence for which he was on parole at the time he maliciously destroyed police property. The defendant appealed, arguing that the trial court erred in denying him credit against his new sentence for time he spent in jail awaiting trial for the instant offense.

The Court of Appeals *held:*

1. The trial court did not err in denying the defendant credit against his new sentence for time served awaiting trial. A defendant who has received a consecutive sentence is not entitled to credit against that sentence for time served. Rather, any time served should be applied against the first sentence. A parolee has not completed his prison sentence; rather, time spent on parole is counted toward service of the sentence. Thus, the plaintiff was still serving his first sentence at the time of the instant offense and is not entitled to credit against his new sentence for time spent awaiting trial for the instant offense.

2. The sentence imposed in this case does not violate the principle of proportionality announced in *People v Milbourn,* 435 Mich 630 (1990).

Affirmed.

Criminal Law — Sentencing — Consecutive Sentences — Parolees — Sentence Credit.

A parolee who is convicted of an offense he committed while on parole and is sentenced to a consecutive sentence for that offense is not entitled to credit against the consecutive sentence for the time spent in jail awaiting trial for that offense; the time spent in jail must be credited against the parolee's original sentence (MCL 768.7a[2]; MSA 28.1030[1][2]).

References
Am Jur 2d, Criminal Law § 548.
Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

Before: WEAVER, P.J., and SAWYER and NEFF, JJ.

SAWYER, J. Defendant pled guilty of malicious destruction of police property. MCL 750.377b; MSA 28.609(2). He was sentenced to serve a term of two to four years in prison, with his sentence being consecutive to the sentence he was then serving in that he was on parole at the time of the instant offense. He now appeals and we affirm.

Defendant first argues that the trial court erred in denying him credit against his sentence for time served. We disagree. This Court has previously held that a defendant who has received a consecutive sentence is not entitled to credit against the subsequent sentence for time served. Rather, any credit for time served should be applied against the first sentence. See *People v Brown,* 186 Mich App 350; 463 NW2d 491 (1990).[1] While we agree with the *Brown* decision, and that decision is controlling under Administrative Order No. 1990-6, further discussion of the issue is appropriate.

Because defendant was on parole at the time of the instant offense, the sentence for the instant

---

[1] Defendant also argues that he was denied credit for time served for the parole violation. The prosecutor apparently agrees with this because he urges that we order that defendant be given credit for forty-seven days served against the sentence he was serving while on parole. However, we obviously have no jurisdiction to enter an order affecting that case because it is not before us. In any event, we trust that the Department of Corrections will count the time spent in the county jail as time served for defendant's original sentence. If the department does not, defendant may, of course, enforce his rights in an appropriate proceeding.

offense must be consecutive to the sentence for which he was on parole. Moreover, the new sentence will begin to run only after the expiration of the previous sentence:

> If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, *the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.* [MCL 768.7a(2); MSA 28.1030(1)(2). Emphasis added.]

Also relevant to this case is MCL 791.238; MSA 28.2308, which provides in pertinent part:

> (1) Each prisoner on parole shall remain in the legal custody and under the control of the commission. The deputy director of the bureau of field services, upon a showing of probable violation of parole, may issue a warrant for the return of any paroled prisoner. Pending a hearing upon any charge of parole violation, the prisoner shall remain incarcerated.
>
> (2) A prisoner violating the provisions of his or her parole and for whose return a warrant has been issued by the deputy director of the bureau of field services shall be treated as an escaped prisoner and shall be liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment. *The time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served.* The warrant of the deputy director of the bureau of field services shall be a sufficient warrant authorizing all officers named in the warrant to detain the paroled prisoner in any jail of the state until his or her return to the state penal institution.

\* \* \*

(6) A parole shall be construed as a permit to the prisoner to leave the prison, and not as a release. *While at large, the paroled prisoner shall be considered to be serving out the sentence imposed by the court and shall be entitled to good time the same as if confined in prison.* [Emphasis added.]

Thus, time spent on parole is counted toward service of the sentence. The statute does, however, create a period of "dead time," during which a parole violator is *not* considered to be serving his sentence following a violation of parole. See *Browning v Dep't of Corrections,* 385 Mich 179; 188 NW2d 552 (1971). That dead time runs from the date that the parolee commits the act constituting a parole violation to the date he is available for return to the penal institution. *Id.* In the case of an in-state parolee, the latter date is the date of his arrest. *Id.* at 188. Therefore, after an arrest, the parolee again begins serving his sentence for the prior conviction. This is true even if the parolee is incarcerated in a county jail awaiting trial for a new charge.

In the case at bar, however, there was no dead time for defendant. Defendant committed the instant offense while in custody following his arrest for retail fraud. Thus, defendant was always available for return to the institution and has never ceased serving his sentence for the prior conviction. More to the point, defendant was continuing to serve his sentence for the prior offense while incarcerated awaiting trial for the instant offense. Therefore, defendant will receive credit for the time spent in the county jail. The credit, however, will be against his prior sentence, not the current sentence. Indeed, to give defendant credit for time served for his current sentence would result in the jail time being counted twice. As we noted in

*People v Cantu,* 117 Mich App 399, 403; 323 NW2d 719 (1982), multiple credit is improper.

This conclusion is buttressed by the fact that MCL 768.7a(2); MSA 28.1030(1)(2), quoted above, provides that the instant sentence is to begin running at the expiration of the prior sentence. Defendant's prior sentence had not expired during the time he was in jail—he had not been discharged from his sentence. Accordingly, defendant's current sentence could not yet have begun to run while he was in jail awaiting trial, and, therefore, credit for time served would be inappropriate.

Some difficulty arises when we consider how the Department of Corrections treats this issue. At the hearing on defendant's motion for resentencing, Ronald Shull, the records administrator for the department, testified concerning the calculations of parole and release dates and the application of credits, both disciplinary and for time served, to consecutive sentences received while on parole. As we understand Shull's testimony, the department adds the maximums for the two sentences and calculates a new parole date on the basis of the minimum of the new sentence (the minimum of the old sentence being irrelevant since it has already been served). It is also, apparently, the Department of Corrections' position that jail credit should be granted regarding the minimum of the new sentence, thus affecting the defendant's earliest parole date.[2] Except for the issue of credit for time served, this procedure seems reasonable, though it should be noted that it does not strictly

---

[2] Shull acknowledges, however, that the credit would *not* be applied to the maximum, because defendant was still serving his original sentence.

comply with the statutes, which are conflicting on this point.[3]

However, for the reasons stated above, we do not agree that credit for time served should be applied to the new sentence. We hold that, because the second sentence is not to begin until the expiration of the first sentence, which had not expired before the sentencing for the second offense, defendant is not entitled to credit for time served against his second sentence.[4]

---

[3] MCL 791.234(2); MSA 28.2304(2) requires that not only the two maximums for the consecutive sentences be added to determine a new (combined) maximum, but also that the minimums be added. Under the statute, the parole board obtains jurisdiction over the prisoner when he "has served the total time of the added minimum terms," less good time. This scheme works well in those cases in which the "subsequent" consecutive sentence is imposed contemporaneously with the "prior" sentence, or at least prior to the prisoner being paroled (since he will not yet have served his minimum for the first sentence).

However, where the consecutive sentence is imposed on a parolee, some results can arise which the Legislature may not have intended. For example, consider a prisoner who was originally sentenced to a term of two to ten years, is paroled after serving two years, and violates parole after two more years (thus having served a total of four years of his sentence) by committing a new offense. He is sentenced to another, consecutive term of two to ten years. Under the statute, the minimum and maximums are added, resulting in a (combined) sentence of four to twenty years. The prisoner, however, is arguably immediately eligible for parole because he has served the new (combined) minimum. We doubt that this was the intent of the Legislature. The problem presumably arises from the fact that the above statute was enacted prior to the enactment of consecutive sentencing for crimes committed on parole.

On the other hand, a literal reading of the consecutive sentencing statute, MCL 768.7a(2); MSA 28.1030(1)(2), quoted above, would indicate that a parolee convicted of a subsequent offense would have to be returned to prison to serve the remainder of the maximum of the original sentence. Only then can the parolee begin serving the new sentence, because the statute provides that the second sentence shall begin to run at the expiration of the *remaining portion* of the original sentence. It also seems doubtful that this was the Legislature's intent.

However, the Department of Corrections' construction of these apparently conflicting statutes seems reasonable, the issue of credit for time served aside. Effectuating the Legislature's intent would seem best served by adding the two maximums and figuring the parole date on the basis of the new minimum alone.

[4] We are cognizant of the fact that our interpretation could lead to

Defendant also argues that the sentence imposed should shock our judicial conscience. See *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). However, two days prior to submission of this case at oral argument, the Supreme Court decided *People v Milbourn,* 435 Mich 630, 649-650; 461 NW2d 1 (1990), wherein the Court abandoned the "shock the conscience" test and adopted in its place the "principle of proportionality." We have reviewed this case under *Milbourn* and conclude that the principle has not been violated.

Affirmed.

potential abuses by prosecutors. The combined effect of this decision and the Department of Corrections' procedure in calculating the earliest parole date for the new offense is that the parole date is calculated from the date of sentencing. Thus, if two parolees commit the same crime on January 1 and are ultimately given the same sentence, but are sentenced on different dates, they will be eligible for parole on different dates. That is, if the first parolee is sentenced on March 1 and the second on June 1, the first parolee will be eligible for parole three months before the second parolee, despite having committed the same offense on the same day and having received the same sentence. However, this inequitable situation could be resolved in a number of ways, such as calculating the earliest parole date from the date of the subsequent offense or from the date of arrest. For that matter, a strict reading of MCL 791.234(2); MSA 28.2304(2) could be applied, the two minimum terms added together, and the parole date calculated accordingly. While we believe this issue should be addressed, we do not believe it appropriate for this Court to legislate a resolution. Rather, it is for the Legislature to determine the best way to resolve the problem (if the Legislature determines that a resolution is necessary). Accordingly, while we urge the Legislature to address this issue, we decline to do so ourselves.