PEOPLE v STEWART

Docket No. 145692. Submitted December 9, 1993, at Grand Rapids. Decided February 7, 1994, at 9:35 A.M. Leave to appeal sought.

Eric Stewart pleaded guilty but mentally ill in the Kent Circuit Court, H. David Soet, J., to a charge of armed robbery. The defendant had been on parole from a sentence for an earlier conviction when he committed the armed robbery. He appealed, claiming that denial, pursuant to MCL 791.238; MSA 28.2308, of credit toward the sentence for armed robbery for time spent as a parole detainee following his arrest for armed robbery violated his constitutional rights.

The Court of Appeals *held:*

MCL 791.238; MSA 28.2308 does not inflict cruel and unusual punishment under US Const, Am VIII or cruel or unusual punishment under Const 1963, art 1, § 16, and does not violate rights to equal protection and due process under US Const, Am XIV, § 1 and Const 1963, art 1, §§ 2, 17 in precluding the sentence credit sought by the defendant.

Affirmed.

SENTENCES — SENTENCE CREDIT — PAROLE DETAINEES.

A parolee who is arrested for a new criminal offense and is detained until convicted of that offense is entitled to credit for time spent as a parole detainee, but the credit is to be applied against the sentence for which parole was granted, not the sentence for the subsequent conviction (MCL 791.238; MSA 28.2308).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *T. Lynn Hopkins,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law § 548; Pardon and Parole § 113; Penal and Correctional Institutions § 228.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

*Thomas E. Spencer,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and CONNOR and A. A. MONTON,* JJ.

CONNOR, J. Defendant pleaded guilty but mentally ill to a charge of armed robbery, MCL 750.529; MSA 28.797, and was sentenced to prison for ten to twenty-five years. He now appeals as of right. We affirm.

Defendant was on parole at the time he committed the armed robbery in question. He was arrested that day, and was held in jail on a parole detainer for eleven months until convicted and sentenced for the armed robbery. As this Court decided in *People v Brown,* 186 Mich App 350; 463 NW2d 491 (1990), and *People v Watts,* 186 Mich App 686; 464 NW2d 715 (1991), the provisions of MCL 791.238; MSA 28.2308 preclude a parolee from receiving credit for time served while being held on a parole detainer. Consequently, the trial court gave defendant no credit toward his sentence for the armed robbery for the eleven months he spent in jail on the detainer.

On appeal, defendant challenges the constitutionality of MCL 791.238; MSA 28.2308. He argues that the statute imposes extra punishment on him for his crime solely because of his status as a parole detainee. He invites this Court to cast aside its decisions in *Brown* and *Watts* as "aberrations of jurisprudence," and hold that he is entitled to credit on his most recent sentence for the eleven months he spent in jail.

We note that we are not free simply to cast aside the decisions in *Brown* and *Watts.* Under Administrative Order No. 1990-6, we are required to follow those two decisions. Moreover, even if we

* Circuit judge, sitting on the Court of Appeals by assignment.

were free to ignore them, we would also read the statute as precluding the sentence credit defendant seeks to receive.

This Court did not rule on the constitutionality of MCL 791.238; MSA 28.2308 in either *Brown* or *Watts.* We do so now: the statute does not inflict cruel and unusual punishment under US Const, Am VIII or cruel or unusual punishment under Const 1963, art 1, § 16, and it does not violate defendant's rights to equal protection and due process under US Const, Am XIV, § 1 and Const 1963, art 1, §§ 2, 17.

Defendant is correct in saying that the statute treats people in jail awaiting trial differently depending on whether they are parole detainees. However, this is not unconstitutional discrimination, but a distinction that is permissible because it is rationally related to a legitimate governmental interest. See *People v Krajenka,* 188 Mich App 661, 663; 470 NW2d 403 (1991). Parole detainees can be treated differently than nondetainees because they *are* different than nondetainees: they owe a debt to society they have not yet fully paid. The statute advances the government's legitimate interest in seeing that debt repaid.

Even though prison authorities may have abandoned parole violation proceedings after defendant was sentenced for the armed robbery, the eleven months defendant served on the detainer is still credited against the sentence he was serving while on parole. See MCL 791.238(2); MSA 28.2308(2). Consequently, defendant's claim that the result is "dead time" credited to neither sentence is simply incorrect. We find it is not cruel or unusual punishment for defendant to serve time on a sentence that is not cruel or unusual punishment.

Affirmed.