PEOPLE v JOHNSON

PEOPLE v TARRANT

Docket Nos. 152772, 153039. Submitted March 9, 1994, at Detroit. Decided May 3, 1994, at 9:15 A.M. Leave to appeal sought.

Michael T. Johnson and Melvin J. Tarrant were convicted following a joint jury trial in the Recorder's Court for the City of Detroit, Michael J. Callahan, J., of possession with intent to deliver less than fifty grams of heroin. Johnson was sentenced to five to twenty years' imprisonment and Tarrant was sentenced to seven to twenty years' imprisonment. Each defendant appealed from his conviction and sentence. The appeals were consolidated.

The Court of Appeals *held:*

1. Johnson was entitled, pursuant to MCL 769.11b; MSA 28.1083(2), to have credit for 248 days served before sentencing applied to his sentence for the present offense, even though he had been paroled by Louisiana for an armed robbery committed in that state when the present offense was committed. The mandatory language of the statute permits no exception to be made in this case. The case must be remanded to the trial court for modification of Johnson's sentence to reflect credit for the 248 days served before sentencing (Docket No. 152772).

2. The evidence was sufficient to convict both defendants, and the sentences were proportionate. The failure of Tarrant's counsel to move for separate trials did not constitute ineffective assistance of counsel because no substantial right was prejudiced by holding a joint trial. No manifest injustice will result from refusal to review Tarrant's unpreserved evidentiary issue, allegation of misconduct by the prosecutor, and claim of instructional error.

Convictions affirmed, Tarrant's sentence affirmed (Docket No.

REFERENCES

Am Jur 2d, Criminal Law § 548.

Right of state or Federal prisoner to credit for time served in another jurisdiction before delivery to state or Federal authorities. 18 ALR2d 511.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

153039), and Johnson's judgment of sentence (Docket No. 152772) remanded for modification.

SENTENCES — SENTENCE CREDIT — PAROLEES FROM FOREIGN STATES.
A person convicted of a crime who has served time in jail before sentencing because of inability to furnish bond is entitled to, and the sentencing court must specifically grant, credit against the sentence for the time served before sentencing; the person is entitled to that credit even if the person had been paroled by another state for an offense committed in that state at the time the present offense was committed (MCL 769.11b; MSA 28.1083[2]).

Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, John D. O'Hair, Prosecuting Attorney, Timothy A. Baughman, Chief of Research, Training, and Appeals, and Jeffrey Caminsky and Paul A. Bernier, Assistant Prosecuting Attorneys, for the people.

Roman S. Karwowski, for Michael T. Johnson.

Arthur L. Morman, for Melvin J. Tarrant.

Before: CAVANAGH, P.J., and WAHLS and G. W. CROCKETT III,* JJ.

PER CURIAM. In these consolidated appeals, defendants Johnson and Tarrant were charged with and, following a joint jury trial, convicted of possession with intent to deliver less than fifty grams of heroin, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2) (a)(iv). Johnson was sentenced to five to twenty years' imprisonment, and Tarrant to seven to twenty years' imprisonment. Each defendant appeals from his conviction and sentence. We affirm the convictions and Tarrant's sentence, and remand the judgment of sentence in Docket No. 152772 for correction of Johnson's sentence.

Defendants raise numerous issues on appeal, of

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

which the most significant is Johnson's claim that he was entitled to have credit for 248 days served before sentencing applied to the sentence for this offense, even though he was on parole from a sentence imposed in another state when the offense was committed. This appears to be a question of first impression.

At the time of the drug offense, Johnson was on parole from a Louisiana sentence for an armed robbery committed in that state. (He apparently was permitted to reside in Michigan during his parole, under the terms of the interstate parole compact that has been adopted by both Michigan and Louisiana. MCL 798.101; MSA 28.1361; La Rev Stat Ann 15:574.14.) Between the date of his arrest for the drug offense and the date sentence was imposed, Johnson spent 248 days in jail. The trial court refused to apply credit for that time to the sentence in this case, because it believed that the credit should be applied to the Louisiana sentence.

Pursuant to statute, whenever a person who is convicted of a crime has served time in jail before sentencing because of his inability to furnish bond, the sentencing court "shall specifically grant credit against the sentence for such time served in jail prior to sentencing." MCL 769.11b; MSA 28.1083(2) (§ 11b). That section of the sentence credit statute is remedial in nature and is to be liberally construed. *People v Chamberlain,* 136 Mich App 642, 647; 358 NW2d 572 (1984).

Had Johnson been on parole from a sentence imposed in Michigan, the credit would properly have been applied to the paroled offense. *People v Watts,* 186 Mich App 686, 687-690; 464 NW2d 715 (1991). A defendant who has received a consecutive sentence is not entitled to credit against the subsequent sentence for time served; rather, any such credit should be applied against the first sentence.

*Id.* at 687. When a parolee violates parole, he becomes liable to serve out the unexpired portion of maximum imprisonment for the paroled offense. MCL 791.238(2); MSA 28.2308(2). That unexpired portion must be served before a sentence for a second offense may begin. MCL 768.7a(2); MSA 28.1030(1)(2). Accordingly, time spent in custody normally is credited against the unexpired portion of the defendant's paroled sentence. If the parolee also received credit toward the second offense, he would in effect be receiving double credit for that period. *Watts, supra* at 688-689.

In this case, however, the court is without jurisdiction to order Louisiana to grant credit toward the paroled offense. Therefore, to comply with § 11b, the credit must be applied toward the instant offense. The concern that applying the credit toward the instant offense will result in double credit assumes that Louisiana will also grant credit for the time spent in custody in this state. Even if this assumption is correct, the mandatory language of § 11b permits no exception to be made.

We therefore remand for modification of Johnson's judgment of sentence, to reflect credit for time served before sentencing.

The remaining issues do not warrant extensive discussion. The evidence was sufficient to convict both defendants. *People v Wolfe,* 440 Mich 508, 513-514; 489 NW2d 748 (1992). The sentences, which were within the guidelines, were not disproportionate. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). The failure of Tarrant's counsel to move for separate trials did not constitute ineffective assistance of counsel, because no substantial right was prejudiced by holding a joint trial; in particular, the defenses were not antagonistic. *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976); *People v Etheridge,* 196 Mich App 43, 52-53; 492

NW2d 490 (1992); *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991). Manifest injustice will not result from our failure to review Tarrant's unpreserved evidentiary issue, allegations of misconduct by the prosecutor, and claim of instructional error. *People v Van Dorsten,* 441 Mich 540, 544-545; 494 NW2d 737 (1993) (relief based on instructional error will be granted absent objection only in the event of a miscarriage of justice); *People v Thompson,* 193 Mich App 58, 62; 483 NW2d 428 (1992) (an objection raised on one ground is insufficient to preserve an appellate attack based on another ground); *People v Stacy,* 193 Mich App 19, 31; 484 NW2d 675 (1992) (failure to make offer of proof precludes review of evidentiary issue absent manifest injustice); *People v Gonzalez,* 178 Mich App 526, 534-535; 444 NW2d 228 (1989) (a miscarriage of justice will not be found on the basis of prosecutor's comments if prejudice could have been eliminated by timely instruction).

Convictions affirmed, Tarrant's sentence affirmed (Docket No. 153039), and the judgment of sentence in Docket No. 152772 remanded for further proceedings consistent with this opinion.