621 N.W.2d 220 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Kenneth Jerome HARDEN, Defendant-Appellant.
No. 117025, COA No. 224456.
Supreme Court of Michigan.
January 26, 2001.
On order of the Court, the delayed application for leave to appeal from the April 12, 2000 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
I favor granting leave to examine defendant's constitutional question.
While on parole from a previous conviction, defendant was arrested for three counts of receiving stolen property over $100. Before pleading guilty, he was incarcerated and served 158 days in jail. He had already served the minimum of his sentence for the conviction concerning which he had been paroled. Because he violated parole, defendant must serve the remainder of the maximum term in prison. MCL 791.238; MSA 28.2308. People v. Watts, 186 Mich.App. 686, 464 N.W.2d 715 (1991). He has not received credit for the 158 days against that term. He has not received credit for those days against his sentence on the second offense, either. Thus, defendant has served over five months in jail in addition to any sentence he has been given by any court on any offense.
Time a defendant spends in jail before conviction is normally credited against the sentence imposed. Such time accrues when a defendant is denied bond or is granted bond but cannot pay for it. MCL 769.11b; MSA 28.1083(2). Prisoners in defendant's position are effectively denied this credit *221 for time served. Defendant challenges the denial as a violation of equal protection.
The Court of Appeals struck down a constitutional challenge to this scheme in People v. Stewart, 203 Mich.App. 432, 513 N.W.2d 147 (1994). Stewart held that, although the statute treats jailed parole detainees differently from those not on parole at the time of a new offense, this is a permissible constitutional distinction. Id. at 434, 513 N.W.2d 147. Parole detainees still owe a debt to society. Thus, Stewart found that the scheme did not violate a defendant's right to equal protection. Id.
However, here defendant poses his equal protection challenge on other grounds. He argues that the scheme treats similarly situated defendants differently. Parolees who cannot post bond are subject to presentence incarceration for which they receive no jail time credit, while parolees who can afford bond are not incarcerated at all.
Bond was actually set in this case. The lower court records note that defendant could not raise the funds necessary. It was only defendant's inability to pay that thwarted pretrial release.
I find defendant's argument worthy of further review by this Court and, for that reason, would grant leave.