PEOPLE v SEIDERS

Docket No. 242162. Submitted November 12, 2003, at Lansing. Decided December 4, 2003, at 9:00 A.M. Vacated in part by order entered December 23, 2003. 259 Mich App 801. Leave to appeal sought.

Robert R. Seiders was convicted by a jury in the Genesee Circuit Court, Geoffrey L. Neithercut, J., of operating and maintaining a methamphetamine laboratory, operating and maintaining a methamphetamine laboratory near a residence, possession of marijuana, maintaining a drug house, and possession of methamphetamine. At the time the defendant was arrested for the offenses, he was on parole from Missouri imprisonment for a drug offense. The Genesee Circuit Court imposed consecutive terms of imprisonment for the Michigan offenses without providing credit for jail time served before sentencing. The defendant appealed.

The Court of Appeals held:

1. MCR 7.215(J)(2) binds the Court of Appeals to follow *People v Johnson*, 205 Mich App 144 (1994), and hold that MCL 769.11b entitles the defendant to sentencing credit for time spent in jail before sentencing. Were it not for the court rule, the Court of Appeals would hold that the defendant is not entitled to such credit. A defendant is entitled to a credit pursuant to MCL 769.11b where the defendant has been denied or was unable to furnish bond for the sentencing offense, but not where the defendant was held because of a parole detainer. Bond is neither set nor denied when a defendant is held pursuant to a parole detainer.

2. The circuit court did not err in concluding that the defendant was not denied effective assistance of counsel, and in denying the defendant's request for a new trial. The defendant failed to establish that his counsel's performance was deficient for failing to request a hearing pursuant to *People v Walker (On Rehearing)*, 374 Mich 331 (1965), regarding the voluntariness of his confession to the police. The circuit court concluded that had such a hearing been held, the court would not have suppressed the confession. Even if the confession had been suppressed, other evidence supporting the charges was overwhelming. Accordingly, the circuit court did not abuse its discretion in denying the motion for a new trial.

3. This case should be submitted to a special panel of the Court of Appeals pursuant to MCR 7.215(J)(3).

Convictions affirmed and case remanded for modification of judgment of sentence.

CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL.

A criminal defendant, in order to establish ineffective assistance of counsel, must show that counsel's performance was below an objective standard of reasonableness under prevailing professional norms; that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different; and that the resultant proceedings were fundamentally unfair or unreliable.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Research, Training, and Appeals, and *Vikki Bayeh Haley*, Assistant Prosecuting Attorney, for the people.

*Neil C. Szabo* for the defendant on appeal.

Before: SAWYER, P.J., and GRIFFIN and SMOLENSKI, JJ.

SMOLENSKI, J. Following a jury trial, defendant was convicted of operating and maintaining a methamphetamine laboratory (count I), MCL 333.7401c(2)(a); operating and maintaining a methamphetamine laboratory near a residence (count II), MCL 333.7401c(2)(d); possession of marijuana (count III), MCL 333.7403(2)(d); maintaining a drug house (count IV), MCL 333.7405(1)(d); and possession of methamphetamine (count V), MCL 333.7403(2)(b)(i). Defendant was sentenced to prison terms of 78 to 180 months on count I, 78 to 360 months on count II, 12 months on count III, 4 to 20 months on count IV, and 78 to 180 months on count V. Defendant appeals as of right. We affirm defendant's convictions, but remand for a modification of his judgment of sentence.

I

At the time defendant was arrested for the instant offenses, he was on parole from a Missouri sentence for possession of methamphetamine. The trial court considered the instant sentences to be consecutive and did not give defendant credit for time served in jail before sentencing. Defendant argues that because he was on parole from a foreign jurisdiction, and the court was without jurisdiction to credit that sentence with his time served before sentencing in this case, the court should have credited his sentences in the instant case. As support, defendant cites *People v Johnson*, 205 Mich App 144; 517 NW2d 273 (1994), which the prosecution concedes is controlling.

In *Johnson, supra* at 145, the defendant was convicted of a drug offense in Michigan. At the time, he had been on parole from a Louisiana sentence. *Id.* at 146. MCL 769.11b provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

In determining that the defendant was entitled to credit against his Michigan sentence, the *Johnson* Court reasoned:

> Had Johnson been on parole from a sentence imposed in Michigan, the credit would properly have been applied to the paroled offense. *People v Watts*, 186 Mich App 686, 687-690; 464 NW2d 715 (1991). A defendant who has received a consecutive sentence is not entitled to credit against the subsequent sentence for time served; rather, any such

credit should be applied against the first sentence. *Id.* at 687. When a parolee violates parole, he becomes liable to serve out the unexpired portion of maximum imprisonment for the paroled offense. MCL 791.238(2); MSA 28.2308(2). That unexpired portion must be served before a sentence for a second offense may begin. MCL 768.7a(2); MSA 28.1030(1)(2). Accordingly, time spent in custody normally is credited against the unexpired portion of the defendant's paroled sentence. If the parolee also received credit toward the second offense, he would in effect be receiving double credit for that period. *Watts, supra* at 688-689.

In this case, however, the court is without jurisdiction to order Louisiana to grant credit toward the paroled offense. Therefore, to comply with § 11b, the credit must be applied toward the instant offense. The concern that applying the credit toward the instant offense will result in double credit assumes that Louisiana will also grant credit for the time spent in custody in this state. Even if this assumption is correct, the mandatory language of § 11b permits no exception to be made. [*Johnson, supra* at 146-147.]

The *Johnson* Court was correct in pointing out that the sentencing credit provision in MCL 769.11b is mandatory, given the statute's use of the word "shall." *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 65; 642 NW2d 663 (2002). This means that a defendant is entitled to a sentencing credit if he has been "*denied or unable to furnish bond.*" MCL 769.11b (emphasis added). However, when a defendant is held in jail because of a parole detainer, bond is neither set nor denied, a point that the panel in *Johnson* apparently did not consider. The hold placed on the defendant renders the question of bond a nonissue. Therefore, we would find that MCL 769.11b is not applicable.

Because Michigan courts are without jurisdiction to credit a sentence imposed by a foreign jurisdiction, we believe that the panel in *Johnson, supra,* was

incorrect in concluding that the trial court erred in not crediting the defendant's Michigan sentence. Were it not for the precedential effect of the *Johnson* decision, we would conclude that defendant in the instant case is not entitled to a sentencing credit. But because this panel is bound by *Johnson*, MCR 7.215(J)(2), we must conclude that the trial court erred in not crediting defendant's sentences for the time he spent in jail before sentencing on the instant offenses. Accordingly, we remand this case for a modification of defendant's judgment of sentence.

II

Defendant also argues that the trial court erred in concluding that he was not denied effective assistance of counsel and in denying his request for a new trial at the *Ginther*[1] hearing. Defendant contends that Lieutenant Cunningham used the defendant's emotional attachment to his wife to gain the confession and asserts that he told defense counsel that the statement he gave to the police was coerced, yet defense counsel never moved to have the statement suppressed.

A trial court's decision to grant a new trial is reviewed on appeal for an abuse of discretion. *People v Jones*, 236 Mich App 396, 404; 600 NW2d 652 (1999). The determination of whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. The court must first find the facts and then decide whether those facts constitute a violation of

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

the defendant's constitutional right to effective assistance of counsel. The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

After taking testimony at the *Ginther* hearing from defendant, defense counsel, and Lt. Cunningham, the trial court noted that there was a factual dispute regarding whether defendant told his counsel that the statement was coerced. The court also recognized that, in effect, the hearing was a *Walker*[2] hearing, that Lt. Cunningham testified the same as he did at trial, and that on the basis of the testimony it would not have suppressed the statement had defense counsel moved to suppress it before trial. The court concluded that defendant could not prove prejudice, and, therefore, failed to carry his burden of proving ineffective assistance of counsel.

Generally, to establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms; (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, *Bell v Cone*, 535 US 685, 695; 122 S Ct 1843; 152 L Ed 2d 914 (2002); *People v Toma*, 462 Mich 281, 302-303; 613 NW2d 694 (2000); and (3) that the resultant proceedings were fundamentally unfair or unreliable, *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *LeBlanc, supra* at 578.

---

[2] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

We agree that defendant has failed to prove that his counsel was ineffective. Even if defense counsel's performance was deficient for failing to request a *Walker* hearing, the trial court concluded that had a *Walker* hearing been held before trial, it would not have suppressed the statement. Therefore, the evidence at trial would have been no different. Also, even if the statement had been suppressed, the evidence supporting the charges was overwhelming. Accordingly, defendant failed to prove prejudice. As a result, the trial court did not abuse its discretion in denying defendant's motion for a new trial.

Convictions affirmed, but case is remanded for a modification of defendant's judgment of sentence. We do not retain jurisdiction. Because of our disagreement with *Johnson, supra*, we recommend that this case be submitted to a special conflict panel pursuant to MCR 7.215(J)(3).