PEOPLE v SEIDERS

Docket No. 242162. Submitted June 17, 2004, at Lansing. Decided July 6,
2004, at 9:15 A.M.

Robert R. Seiders was convicted by a jury in the Genesee Circuit
Court, Geoffrey L. Neithercut, J., of five criminal offenses. At the
time the defendant was arrested for the offenses, he was on parole
from Missouri imprisonment for an offense. The Genesee Circuit
Court imposed consecutive terms of imprisonment for the Michi-
gan offenses without providing credit for jail time served before
sentencing. The Court of Appeals, SAWYER, P.J., and GRIFFIN and
SMOLENSKI, JJ., affirmed the convictions, but remanded the case for
a modification of the judgment of sentence. The Court stated that
it was bound by MCR 7.215(J) to follow People v Johnson, 205
Mich App 144 (1994), and hold that MCL 769.11b entitled the
defendant to sentencing credit for time spent in jail before sen-
tencing. Were it not for the court rule, the Court would have held
that the defendant is not entitled to such credit. The Court
explained that a defendant is entitled to a credit pursuant to MCL
769.11b where the defendant has been denied or was unable to
furnish bond for the sentencing offense, but not where, as in this
care, the defendant was held because of a parole detainer. 259 Mich
App 538 (2003). The Court of Appeals, after conducting a poll of its
judges, convened a special panel to resolve the conflict between
this case and People v Johnson and partially vacated the portion of
the opinion in this case concerning the proper interpretation of
MCL 769.11b. 259 Mich App 801 (2003).

After consideration by the special panel the Court of Appeals
held:

A defendant who is on parole from a sentence imposed by a
foreign jurisdiction and is then arrested for a new criminal offense
and held on parole detainer until he is convicted of the new
offense, is not entitled to credit for time served in jail against the
sentence for the new offense. MCL 791.238(2). Rather, the time
served in jail on parole detainer is creditable against the sentence
for which parole had been granted. MCL 791.238(2). When a
defendant is held on parole detainer, MCL 769.11b is not appli-
cable because bond is neither set nor denied. In this regard, the

opinion in *Johnson* was wrongly decided because the Court in that case never considered the fact that the defendant was being held on parole detainer, and the Court incorrectly applied MCL 769.11b when it was not applicable.

Affirmed.

CRIMINAL LAW — PAROLE DETAINER — CREDIT FOR TIME SERVED.

A defendant who is on parole from a sentence for a conviction in a foreign jurisdiction, if he is arrested in Michigan for a new criminal offense, is held on parole detainer while awaiting sentencing for the new offense; when a defendant is held on parole detainer he is not entitled to receive credit for time served against the sentence for the new offense; rather, that credit is applied against the sentence for which the defendant was on parole (MCL 769.11b, 791.238[2]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, and *Donald A. Kuebler*, Assistant Prosecuting Attorney, for the people.

*Neil C. Szabo* for the defendant on appeal.

Before: GAGE, P.J., and FITZGERALD, HOEKSTRA, TALBOT, COOPER, MURRAY, and SCHUETTE, JJ.

PER CURIAM. Pursuant to MCR 7.215(J), this Court convened a special panel to resolve the conflict between this Court's partially vacated opinion (section I only) in *People v Seiders*, 259 Mich App 538; 675 NW2d 611 (2003), and this Court's prior opinion in *People v Johnson*, 205 Mich App 144; 517 NW2d 273 (1994). We conclude that *Johnson* was wrongly decided, and therefore affirm the trial court's denial of defendant's request for credit against his Michigan sentence for time served in jail.

## I. NATURE OF THE CASE AND HOLDING

Following a jury trial, defendant was convicted of operating and maintaining a methamphetamine labora-

tory (count I), MCL 333.7401c(2)(a); operating and maintaining a methamphetamine laboratory near a residence (count II), MCL 333.7401c(2)(d); possession of marijuana (count III), MCL 333.7403(2)(d); maintaining a drug house (count IV), MCL 333.7405(1)(d); and possession of methamphetamine (count V), MCL 333.7403(2)(b)(i). Defendant was sentenced to prison terms of 78 to 180 months on count I, 78 to 360 months on count II, twelve months on count III, 4 to 20 months on count IV, and 78 to 180 months on count V. When defendant was arrested for the instant offenses, he was on parole from a Missouri sentence for possession of methamphetamine. Defendant was held in jail as a parole detainee from the date of his arrest for the Michigan offenses until the date he was sentenced for those offenses. The trial court considered the instant sentences to be consecutive to the Missouri sentence and declined to award defendant credit for time served in jail before sentencing.

Defendant argued that the trial court was without jurisdiction to credit his Missouri sentence with his time served in jail before sentencing in this case because he was on parole from a foreign jurisdiction. Defendant contended that the court should have credited his sentences in the instant case with the time served in jail in Michigan because *Johnson* controls. *Seiders, supra* at 540. On appeal, this Court remanded for a modification of his sentence to reflect credit for his time served before sentencing on the instant offenses because it was bound by *Johnson. Id.* at 542. However, the *Seiders* Court called for this special panel and explained that, "[w]ere it not for the precedential effect of the *Johnson* decision, we would conclude that defendant in the instant case is not entitled to a sentencing credit." *Id.* We agree with the analysis in *Seiders* and the panel's conclusion that *Johnson* was wrongly decided. Accord-

ingly, for the reasons set forth in this opinion, we hold that a defendant, who is on parole from a foreign jurisdiction and is held in jail on a parole detainer, is not entitled to credit on his Michigan sentence for time served in jail before sentencing under MCL 769.11b.

## II. ANALYSIS

We review de novo questions of statutory interpretation. *People v Green,* 260 Mich App 710, 715; 680 NW2d 477 (2004). Our function in resolving disputed interpretations of statutory language is to effectuate the legislative intent. *Id.* When statutory language is clear, the Legislature intended the meaning plainly expressed, and we must enforce the statute as written. *Id.* We presume that every word has some meaning, and we must avoid any construction that would render any part of the statute surplusage or nugatory. *Id.*

When a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in jail on the sentence for the new offense. MCL 791.238(2). A parole detainee who is convicted of a new criminal offense is entitled, under MCL 791.238(2), to credit for time served in jail as a parole detainee, but that credit may only be applied to the sentence for which the parole was granted. *People v Stewart,* 203 Mich App 432, 433; 513 NW2d 147 (1994); *People v Brown,* 186 Mich App 350, 359; 463 NW2d 491 (1990). A parolee who is sentenced for a crime committed while on parole must serve the remainder of the term imposed for the previous offense before he serves the term imposed for the subsequent offense. MCL 768.7a(2).

One who serves time in jail before sentencing for denial of bond or inability to post bond is entitled to receive credit for that time served in jail before sentenc-

ing. MCL 769.11b. In *Johnson*, the defendant was on parole from a Louisiana sentence when he was arrested in Michigan. *Johnson, supra* at 146. On appeal, the defendant argued that the trial court erred in declining to grant him credit for time served on his Michigan sentence, concluding that any credit must be applied to his Louisiana sentence. *Id.* The *Johnson* Court acknowledged that the credit would have been properly applied to the paroled offense if the parole originated from a Michigan sentence. *Id.* The Court recognized that a parole violator is liable to serve out the unexpired portion of maximum imprisonment for the paroled offense, and the unexpired portion must be served before a sentence for a second offense may begin. *Id.* at 147. Thus, the *Johnson* Court was aware that time spent in jail is normally credited against the unexpired portion of the defendant's paroled sentence. *Id.*

The *Johnson* Court relied on MCL 769.11b as follows:

> In this case, however, the court is without jurisdiction to order Louisiana to grant credit toward the paroled offense. Therefore, to comply with § 11b, the credit must be applied toward the instant offense. The concern that applying the credit toward the instant offense will result in double credit assumes that Louisiana will also grant credit for the time spent in custody in this state. Even if this assumption is correct, the mandatory language of § 11b permits no exception to be made. [*Johnson, supra* at 147.]

The *Johnson* Court correctly pointed out that the sentencing credit provision in MCL 769.11b is mandatory, given the statute's use of the word "shall." *People v Brown*, 249 Mich App 382, 386; 642 NW2d 382 (2002). MCL 769.11b does not, however, entitle a defendant to credit for time served before sentencing if he is incarcerated for an offense other than that for which he is ultimately convicted, or for other unrelated reasons.

*People v Prieskorn,* 424 Mich 327, 340-341; 381 NW2d 646 (1985); *People v Ovalle,* 222 Mich App 463, 468-469; 564 NW2d 147 (1997). A defendant is only entitled to a sentencing credit under MCL 769.11b if he has been *"denied or unable to furnish bond."* MCL 769.11b (emphasis added). As the *Seiders* Court noted, bond is neither set nor denied when a defendant is held in jail on a parole detainer. Apparently, the *Johnson* Court did not consider the fact that the defendant was incarcerated because of a parole detainer. Because defendant was held on a parole detainer, the question of bond is not an issue, and MCL 769.11b does not apply. *Seiders, supra* at 541.

A parolee who is arrested for a new offense and is incarcerated on a parole detainer serves jail time on the paroled offense. *Stewart, supra* at 433; *Brown,* 186 Mich App 359. It would therefore be consistent with the purpose and language of MCL 769.11b to grant credit against the paroled sentence to a Michigan parolee who is arrested for a new offense. *People v Watts,* 186 Mich App 686, 689; 464 NW2d 715 (1991). The *Johnson* Court erred in concluding that MCL 769.11b mandates that credit must be granted against the Michigan sentence when a defendant is held on a parole detainer. Thus, its interpretation and application of MCL 769.11b constitutes an unwarranted expansion of the purpose and intent of the statute because it grants credit for time served on a sentence for an offense on which the defendant was not incarcerated before sentencing. *Prieskorn, supra* at 340-341; *Ovalle, supra* at 468-469. The language of MCL 769.11b is clear and unambiguous, and therefore it is not subject to judicial interpretation. *Green, supra* at 715. Agreeing with the *Seiders* Court, we conclude that a defendant who is on parole from a foreign jurisdiction and held in jail on a parole detainer is not entitled under MCL 769.11b to

credit on his Michigan sentence for time served in jail before sentencing. *Prieskorn, supra* at 340-341; *Ovalle, supra* at 468-469.

Affirmed.