*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

THOMAS RAY BEARD,

Defendant-Appellee.

FOR PUBLICATION
April 25, 2019
9:10 a.m.

No. 346383
Oakland Circuit Court
LC No. 2017-264893-FH

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

SHAPIRO, J.

The prosecution appeals by leave granted[1] an amended judgment of sentence entered by the trial court. For the reasons stated below, we vacate the amended judgment of sentence.

I.

While on parole for an unarmed robbery conviction, defendant was arrested for domestic violence. He pleaded no contest to domestic violence, third offense, MCL 750.81(5), which is a felony.[2] On February 15, 2018, the trial court sentenced defendant to a year in jail. At sentencing, the court stated that the sentence was "consecutive to a parole violation." The judgment of sentence also stated, "Sentence consecutive to parole violation." (Capitalization omitted). But the judgment of sentence provided that defendant's sentence would begin on February 15, 2018.

As a result of his parole violation, defendant returned to prison to serve the remaining few months of his prior sentence for unarmed robbery. He was discharged on August 17, 2018, and transferred to Oakland County Jail.

---

[1] *People v Beard*, unpublished order of the Court of Appeals, entered December 7, 2018 (Docket No. 346383).

[2] The judgment of sentence erroneously cites MCL 750.81(4) as the convicted offense.

-1-

On October 17, 2018, defendant filed a motion to amend the judgment of sentence or for issuance of a habeas corpus writ. Defendant explained that the Oakland County Jail was interpreting the judgment of sentence to mean that his domestic-violence sentence began when he arrived at the jail on August 17, not on February 15 as provided by the judgment of sentence. Defendant requested that the trial court remove the "consecutive to parole violation" language from the judgment of sentence.

After hearing oral argument, the trial court agreed with defendant that his sentence for domestic violence should have begun to run on the date of sentencing. Accordingly, it granted defendant's motion and amended the judgment of sentence to provide, "Sentence consecutive to parole violation. Defendant shall begin to accrue time on the 365 day sentence on February 15, 2018." (Capitalization omitted).

II.

A.

As an initial matter, the prosecutor argues that defendant's motion to amend the judgment of sentence was untimely. The prosecutor did not raise this issue before the trial court, but contends on appeal that the issue has not been waived because it pertains to the trial court's jurisdiction. The prosecutor does not provide caselaw holding that a trial court lacks subject-matter jurisdiction to consider untimely post-trial motions. However, even if we accept this premise as true, we conclude that defendant's motion was not untimely.

The prosecutor argues that defendant's motion should be construed as motion to correct an invalid sentence, which generally must be filed within six months of the entry of the judgment of sentence. See MCR 6.429(B)(3)(a). We conclude, however, that defendant's motion to amend the judgment of sentence is better understood as motion to correct a clerical mistake, i.e., an error "arising from oversight or omission," which may be brought at any time. See MCR 6.435(A).

To determine the nature of a filing, we look through the party's labels and focus on the substance of the filing. See *Altobelli v Hartmann*, 499 Mich 284, 299; 884 NW2d 537 (2016). Here, it is clear that defendant was not seeking to correct an invalid sentence imposed by the court but rather was attempting to enforce the imposed sentence. The trial court agreed with defendant that the Oakland County Jail's interpretation of the "sentence begins" date was incorrect and amended the judgment of sentence accordingly. Further, there was plainly an ambiguity in the original judgment of sentence because the imposed sentence was consecutive to the parole violation but also set to run from the date of sentencing. Indeed, both defendant and the prosecutor requested an amendment to the judgment of sentence. For those reasons, we conclude that defendant's motion was brought to address an oversight or omission in the judgment of sentence and is thus best viewed as motion to correct a mistake. As such, the motion was not untimely.

B.

The prosecution also argues that the trial court misinterpreted MCL 768.7a(2) by amending the judgment so that defendant's jail sentence on the domestic violence conviction ran from the date of sentencing. We agree.[3]

MCL 768.7a(2) requires consecutive sentencing for felonies committed while on parole:

(2) If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

Accordingly, "[a] parolee who is sentenced for a crime committed while on parole must serve the remainder of the term imposed for the previous offense before he serves the term imposed for the subsequent offense." *People v Seiders*, 262 Mich App 702, 705; 686 NW2d 821 (2004). Defendant committed a felony while he was on parole for unarmed robbery. He then returned to prison to serve his remaining term of imprisonment for unarmed robbery, which he completed on August 17, 2018. Thus, per MCL 768.7a(2), defendant's jail sentence for domestic violence should not have begun to run until August 17, 2018.

The issue is complicated, however, by *Wayne Co Prosecutor v Dep't of Corrections*, 451 Mich 569; 548 NW2d 900 (1996), and the degree to which the holding in that case is applicable here. In *Wayne Co Prosecutor* the Supreme Court held that, for purposes of becoming eligible for parole, the minimum sentence for the offense committed while on parole effectively begins to run on the date of sentencing. *Id*. at 579-581. In that case, the prosecutor argued that the recently enacted MCL 768.7a(2) required a defendant to serve the entire remaining maximum sentence on the prior offense, plus the minimum sentence for the offense committed while on parole, before again becoming eligible for parole. See *id*. at 571-572, 574. This was at odds with MCL 791.234(3),[4] which provides that a defendant's new parole eligibility date is determined by adding the minimum terms for the previous and subsequent offenses, and that the defendant's new maximum term is the sum of the maximum terms for each offense:

(3) If a prisoner other than a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute. The maximum terms of the sentences must be added to compute the new

---

[3] We review issues of law, including statutory interpretation, de novo. *People v Pace*, 311 Mich App 1, 4; 874 NW2d 164 (2015).

[4] At that time, MCL 791.234(3) was found at MCL 791.234(2).

maximum term under this subsection, and discharge must be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.

The practical effect of MCL 791.234(3) is that the minimum term for the consecutive sentence begins to run immediately, and the defendant will become eligible for parole after serving the combined minimum sentence. See *Wayne Co Prosecutor*, 451 Mich at 580. The Supreme Court rejected the argument that MCL 768.7a(2) had implicitly repealed MCL 791.234(3). *Id*. at 575, 582. As the Court aptly summarized in *People v Idziak*, 484 Mich 549, 558; 773 NW2d 616 (2009):

> [I]n *Wayne Co Prosecutor*, we rejected the prosecutor's argument that MCL 768.7a(2) requires a parolee to serve his entire original *maximum* sentence, *plus* his new minimum sentence, before becoming eligible for parole, and held that the [Department of Correction's] practice of calculating the new parole eligibility date, as mandated by MCL 791.234(3), was consistent with MCL 768.7a(2).

Defendant argues that *Wayne Co Prosecutor* compels the conclusion that he should receive credit against his consecutive *jail* sentence while serving the balance of his incarceration on the parole violation. However, we do not read *Wayne Co Prosecutor* so broadly. That case concerned the timing of a defendant's eligibility for parole following imposition of a consecutive, indeterminate prison term. Here, defendant did not receive an indeterminate prison sentence with a minimum and maximum term. He was instead sentenced to a fixed jail term for which he is not eligible for parole[5] and so MCL 791.234(3) is therefore not applicable. Defendant's sentence is squarely controlled by MCL 768.7a(2).

In addition to *Wayne Co Prosecutor*, defendant relies on *Idziak*. However, *Idziak* held that parolees do not receive jail credit on the new offense for time served *before* sentencing. *Idziak*, 484 Mich at 562. Thus, *Idziak's* holding does not lend additional support to defendant's position.

In sum, the trial court erred in ruling that defendant's consecutive jail sentence ran from the date of sentencing. A jail sentence imposed consecutive to an indeterminate prison sentence does not begin to run until the defendant is paroled from the prison sentence or completes his maximum term.[6] Accordingly, defendant's jail sentence for the new offense did not begin to run until his release from prison.

---

[5] A defendant serving a jail sentence, whether concurrent or consecutive, remains eligible for good-time credit as provided for in MCL 51.282. However, an early release from jail based upon good time earned is not a parole.

[6] Defendant had only a few months remaining on the maximum term of his armed robbery conviction and so he did not have another opportunity for parole.

Vacated and remanded for correction of the judgment of sentence. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly