*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CAVIN DEON MADISON,

        Defendant-Appellant.

UNPUBLISHED
October 15, 2019

No. 345514
Kent Circuit Court
LC No. 17-006305-FH

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his judgment of sentence entered after he pleaded guilty to domestic violence, third offense, MCL 750.81(2); MCL 750.81(5). The trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to a prison term of 4 to 20 years. The judgment of sentence indicates that defendant's sentence is to be served "consecutive with parole sentence" and does not credit defendant with any jail time served. We remand for amendment of the judgment of sentence to reflect the proper amount of jail credit to which defendant is entitled.

## I. RELEVANT FACTS

Defendant committed the sentencing offense on June 27, 2017, while he was on parole for a prior domestic violence conviction, and was arrested and jailed on that date. As of July 21, 2017, defendant had served his sentence for that prior conviction and he was discharged from parole for that offense. But he remained jailed for the sentencing offense in this case and was sentenced for that offense on April 5, 2018. Although the PSIR recommended that the trial court

---

[1] *People v Madison*, unpublished order of the Court of Appeals, entered November 14, 2018 (Docket No. 345514).

award 282 days of jail credit for time served, the parties did not discuss the issue of jail credit at sentencing and no jail credit appears on the judgment of sentence.

This appeal followed.

## II. STANDARD OF REVIEW

Because defendant did not raise the issue of jail credit before the trial court, this issue is not preserved. "[S]entencing errors that have been not been preserved are reviewed for plain error affecting substantial rights." *People v Callon*, 256 Mich App 312, 332; 662 NW2d 501 (2003).

## III. ANALYSIS

Defendant argues that he is entitled to 258 days of jail credit for the time he served after the expiration of his prior sentence and before his sentencing in this matter. The prosecution agrees.[2] We also agree that defendant is entitled to jail credit for time served between the time his parole was discharged and his sentencing in this case. We therefore remand for amendment of the judgment of sentence to reflect the appropriate amount of jail credit.

MCL 769.11b states:

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

"The enactment of [MCL 769.11b] reflects the Legislature's intention to entitle every defendant in a criminal case to the sentence credit described in the statute, instead of leaving the matter to the discretion of sentencing courts." *People v Prieskorn*, 424 Mich 327, 333; 381 NW2d 646 (1985). See also *People v Idziak*, 484 Mich 549, 569; 773 NW2d 616 (2009). "To be entitled to sentence credit for presentence time served, a defendant must have been incarcerated '*for the offense of which he is convicted.*'" *Prieskorn*, 424 Mich at 344, quoting MCL 769.11b (emphasis added). Accordingly, a defendant who commits a new offense while on parole for another offense is not entitled to jail credit for time served after his or her arrest on the new offense and before sentencing on that offense, if that time represents time served on his prior conviction. *Idziak*, 484 Mich at 552.

Defendant is therefore not entitled to jail credit for the period of his incarceration from June 27, 2017, through July 21, 2017, because during that time he was serving the unexpired

---

[2] The parties agree that, notwithstanding the recommendation in the PSIR that 282 days of jail credit be awarded, defendant is entitled to 258 days of credit for time served. The prosecution suggests that the reference to 282 days in the PSIR is a miscalculation.

portion of his prior sentence. See *Idziak*, 484 Mich at 562. However, after defendant's parole was discharged, defendant was entitled to credit for any time served before his sentencing in this case. The parties agree that defendant is entitled to credit for the 258 days served from July 21, 2017 to the date of his sentencing in this case, April 5, 2018. However, the PSIR states that defendant's bond was "revoked" at some point before sentencing, suggesting that defendant may have posted bond for some of the relevant period. We are unable to determine from the existing record whether this statement is an error. On remand, the trial court should determine the appropriate amount of jail credit and amend the judgment of sentence accordingly.

Defendant also argues, without elaboration or citation to authority, that the judgment of sentence should be amended to strike the language indicating that the sentence was to be served consecutively to his "parole sentence." Because defendant has failed to adequately brief this argument, it is abandoned. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). In any event, the trial court possessed the power to order defendant serve his sentence consecutively to any prior sentences for which he was on parole. MCL 768.7a(2). See also *People v Seiders*, 262 Mich App 702, 705; 686 NW2d 821 (2004). Although it in fact appears that defendant had completed his parole by the time of sentencing in this case, the statement is not incorrect.

In light of our resolution of the jail credit issue, we need not address defendant's alternative argument that his trial counsel was ineffective for failing to raise the issue of jail credit at sentencing.

We remand this case to the trial court for a determination of the appropriate amount of jail credit and for the amendment of the judgment of sentence to reflect that amount of jail credit. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra